IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT AYALA,

    Plaintiff,     CV F 03 5383 OWW WMW P

vs.

                                           FINDINGS AND RECOMMENDATION

R. MADRIGLE,

    Defendant.

                              /

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Plaintiff is a state prisoner in custody at the California State Prison at Corcoran. Plaintiff brings this lawsuit against defendant Correctional Officer R. Madrigle. Plaintiff alleges that C/O Madrigle has been harassing plaintiff. Specifically, plaintiff alleges that Madrigle has deprived plaintiff of sleep by using "photoelectric cell censors and/or gamma rays manipulation to the electrochemical part/state of his mind/brain at said times." Plaintiff also alleges that his mail is not going out.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the

complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

On December 16, 2004, an order was entered, dismissing the second amended complaint and granting plaintiff leave to file a third amended complaint.  The December 16, 2004, order identified the deficiencies in the second amended complaint.  Specifically, the court found the following.

As to plaintiff's claim of harassment, plaintiff failed to state a claim for relief. Plaintiff must allege facts indicating that defendant Madrigle engaged in conduct that deprived plaintiff of a protected interest.  Plaintiff's fanciful allegations that Madrigle is manipulating the "electrochemical part/state of his mind/brain" fails to articulate a claim.   Plaintiff was advised of this deficiency in the July 22, 2003, order dismissing the original complaint.  In the January 12, 2004, second amended complaint on which this action proceeds, plaintiff restates the allegations of the original complaint.   Plaintiff does not, however, provide any further factual specificity that indicates a link between defendant's conduct and the deprivation of a protected interest. Plaintiff's conclusory allegations fail to state a claim for relief.

As to plaintiff's claim regarding outgoing mail, the July 22, 2003 order indicated

1  that plaintiff failed to allege facts indicating that any individual engaged in any conduct that
2  affected plaintiff's outgoing mail.  A simple allegation that is mail is not going out is insufficient
3  to state a claim for relief.  In the second amended complaint, plaintiff indicates that Madrigle
4  returned certain items of plaintiff's mail to him, but does not indicate why the mail was returned.

5         The court found the allegations in plaintiff's second amended complaint to be
6  vague and conclusory.   Plaintiff was specifically cautioned to be more specific in linking the
7  conduct of defendant to constitutional deprivations suffered by plaintiff.   In the January 20,
8  2005 third amended complaint, plaintiff fails to cure the defects.   Plaintiff sets forth vague
9  allegations of harassment by Madrigle.  Plaintiff refers to invisible electric vibes, as well as an
10 unspecified electrical device capable of transmitting sharp pains.  As to his claim regarding mail,
11 plaintiff appears to allege that Madrigle has been refusing to send out his mail.  Plaintiff attaches
12 as exhibits to his complaint copies of envelopes returned to him, indicating that he has exceeded
13 his monthly allotment of free postage.  Specifically, the return mail indicates that plaintiff has
14 exceeded his indigent envelope allotment.

15        The court finds that plaintiff has failed to cure the defects identified in the second
16 amended complaint.  The court recommends dismissal of the claims made in the third amended
17 complaint with prejudice for failure to state a federal claim upon which the court could grant
18 relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice
19 of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

20        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
21 failure to state a claim upon which relief can be granted.

22        These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
24 twenty days after being served with these findings and recommendations, plaintiff may file
25 written objections with the court.  Such a document should be captioned "Objections to
26

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 10, 2005**                        /s/  William M. Wunderlich
mmkd34                                            UNITED STATES MAGISTRATE JUDGE